IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**vs.**                                    **CASE NO.  4:01-CR-028-SPM**

**LYNDOM BURL BAKER,**

       **Defendant.**

_____/

**ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION**

       **THIS CAUSE** comes before the Court upon the "Defendant's Objection to Magistrate Judge's Report and Recommendation" (doc. 105) filed July 19, 2006. This Court previously adopted the report and recommendation and denied Defendant's § 2255 motion (*see* doc. 101).  Defendant then filed a motion for extension of time in which to file objections, stating that he never received a copy of the report and recommendation.  With leave of court (*see* doc. 104), Defendant now files his objections, which I have reviewed *de novo*.

       As to drug quantity, Defendant was on notice that he was defending against a charge of more than 50 grams of cocaine; discovery revealed a lab report indicating the amount of powdered cocaine to be 241.8 grams, which was corroborated by police reports.  *See* doc. 97.  Defendant stipulated at trial that

approximately 242 grams of cocaine were recovered in the seizure, and the jury instructions and verdict form were in line with that figure.  No error was committed.

As to Defendant's career offender status, his counsel argued to the sentencing court that Defendant's prior drug felonies were minor in nature; that he did not fit the type of defendant targeted by the career offender enhancement; that his criminal history points were substantially less than that required for a Category VI history; that he was troubled by the presentence report's determination that Defendant was a career offender; and that the discrepancy in sentence length between career offender and non-career offender status was almost double.  Counsel requested that the court downward depart from the guidelines on the basis that his prior criminal history is "not as serious as the career offender status would make it to be," which is exactly the theory espoused in section 4A1.3 of the Sentencing Guidelines Manual.  There is simply no basis on which to find that counsel failed to properly argue for a downward departure.

Additionally, counsel's failure to answer affirmatively when asked by the court if there were any objections neither deprived the appellate court of a reviewable record nor constituted ineffective assistance of counsel.  Counsel did a fine job highlighting the reasons why career offender status would be inappropriate for Defendant, and there is no evidence that the outcome would have been different had counsel simply repeated those objections and

arguments at the end of the hearing.

Even had the sentencing court placed specific factual findings on record, there is no reasonable probability that the outcome of the proceeding would have been different. The court examined the presentence report and heard argument from counsel as to what an appropriate sentence would be. Based on the transcript and the case file, the appellate court had the opportunity to meaningfully review the factors contributing to the sentence imposed upon Defendant.

Defendant's final argument is that counsel was ineffective for failing to properly cross-examine codefendant Jackson as to his prior criminal history. Counsel did, however, point out numerous lies Jackson told to law enforcement and judicial officers on other occasions, thereby impeaching his credibility, and there existed other evidence tying Defendant to the crime. Because Defendant has not proven the prejudice prong of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Court need not address any argument as to counsel's ineffectiveness. <u>Tafero v. Wainwright</u>, 796 F.2d 1314, 1319 (11th Cir. 1986).

A *de novo* review of counsel's objections shows that Defendant is not entitled to relief. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's objections (doc. 105) are overruled.

2. The magistrate judge's report and recommendation (doc. 100) is

readopted and incorporated by reference in this order.

**DONE AND ORDERED** this <u>tenth</u> day of August, 2006.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge