IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                         CASE NO. 4:01-cr-28-SPM-GRJ

LYNDON B. BAKER,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 116, a motion to vacate, set aside or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. Defendant previously filed a motion under 28 U.S.C. § 2255 in this case. (Doc. 86.) That court denied that petition. (Doc. 101.) Defendant also recently sought habeas corpus relief from the same convictions pursuant to 28 U.S.C. § 2241 in the Middle District of Florida. Baker v. Warden, Case No. 5:11-cv-00085-JSM-TBM, Doc. 4 (M.D. Fla. June 14, 2011). That petition was dismissed with prejudice because the court concluded that Defendant was seeking relief under § 2241 because he was not authorized to file a successive petition under § 2255. (*Id.*)

Defendant is clearly barred from seeking § 2255 relief at this time on his claims. He was previously denied § 2255 relief as well as § 2241 relief and may not file a second or successive petition under § 2255 without prior certification from the Eleventh Circuit. 28 U.S.C. §§ 2244(b)(3) & 2255. Even then, a second or successive petition will not be allowed absent newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable." § 2255.  Defendant has not sought or been granted leave by the appellate court to file a second or successive motion to vacate an thus, review is plainly foreclosed here at this time.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 11th day of August 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge